**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
:
In re:                                                              :         Chapter 7
:
Michael Grabis                                               :         Case No. 13-10669-JLG
:
                        Debtor.         :
:
------------------------------------------------------x
:
Michael Grabis,                                           :
:         Adv. Pro. No. 15-01420-JLG
                        Plaintiff,     :
:
v.                                                                     :
:
Navient Solutions, LLC, *et al.*,                :
:
                        Defendants.  :
:
------------------------------------------------------x

**MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF-DEBTOR'S**
**REQUEST TO VACATE ORDER DISMISSING THE DEPARTMENT OF EDUCATION**

**APPEARANCES:**

MICHAEL GRABIS
1 Hays Drive
Morristown, NJ 07960

*Plaintiff-Debtor, pro se*


GEOFFREY S. BERMAN
United States Attorney for the Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
By:    Dominika Tarczynska, Esq., Assistant United States Attorney

*Attorneys for Defendant-U.S. Department of Education*

JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE:

Michael Grabis, the *pro se* debtor herein (the "Debtor"), commenced this adversary proceeding seeking a determination that his student loan indebtedness is not excepted from discharge under section 523(a)(8) of the Bankruptcy Code, 11 U.S.C. § 523(a)(8). With leave of the Court, the Debtor has amended his complaint several times. The operative complaint is the Debtor's Third Adversary Complaint for Discharge of Student Loans. *See* AP ECF No. 84 (the "Third Complaint").[1] In that complaint, the Debtor added the Department of Education (the "DOE") as a defendant. The DOE moved to dismiss all claims asserted against it in the complaint, and the Court granted that motion. *See* Order Dismissing Department of Education [AP ECF No. 140] (the "Dismissal Order"); *see also* Memorandum Decision Granting Department of Education's Motion to Dismiss [AP ECF No. 133] (the "Dismissal Decision"). The matter before the Court is the Debtor's motion to vacate the Dismissal Order. *See* AP ECF No. 167 (the "Motion").[2] The DOE opposes the Motion. *See* AP ECF No. 175. For the reasons stated herein, the Motion is DENIED.

## Jurisdiction

This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334(a) and 157(a) and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States

---

[1] All citations to "AP ECF No. ___" refer to documents filed on the Court's electronic docket in this adversary proceeding.

[2] Initially, the Debtor sought to appeal the Dismissal Decision. *See* Notice of Appeal and Objection of Decision to Dismiss the Department of Education [AP ECF No. 149]. Thereafter, he withdrew the appeal and simultaneously requested this Court to vacate the Dismissal Order. *See* AP ECF No. 167*; see also* AP ECF No. 188 (copy of order of District Court (Gardephe, J.) dismissing appeal without prejudice).

District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## Facts

The background of this litigation is set forth in the Dismissal Decision. The Court assumes familiarity with that decision and limits the discussion to the facts relevant to the disposition of the Motion. The Debtor commenced this adversary proceeding for a determination that his student loan indebtedness is not excepted from discharge under section 523(a)(8) of the Bankruptcy Code. The loans at issue include two consolidation loans (the "Consolidation Loans") issued under the Federal Family Education Loan Program (the "FFELP"). The Educational Credit Management Corporation ("ECMC"), as a guarantor in the FFELP program, holds all rights, title and interest in those loans. ECMC was not named as a defendant in the first complaint filed by the Debtor. Over the Debtor's objection, the Court granted ECMC's motion to intervene as a defendant therein. As relevant to the Motion, in his Third Complaint, the Debtor seeks (i) a determination binding on the DOE that the Consolidation Loans are not excepted from discharge under section 523(a)(8) of the Bankruptcy Code, and (ii) to recover damages from the DOE on account of the DOE's alleged fraud in connection with the funding and administration of his student loans.

The DOE moved to dismiss all the claims asserted against it in the Third Complaint. *See* Motion to Dismiss Adversary Proceeding [AP ECF No. 102] (the "Motion to Dismiss"). As support, it contended first, that pursuant to Fed. R. Civ. P. 21, it should be dismissed as a party to the Debtor's claim for relief under section 523(a)(8) because it does not own any of the loans at

issue in the complaint. *See* Motion to Dismiss at 8-9.[3] Second, it argued that insofar as the Debtor asserted a fraud claim against it, the claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. *See id*. at 10.[4] It also argued that, in any event, the Debtor is barred from asserting any claim for fraud against it because the DOE did not waive its sovereign immunity from suit. *See id.* at 10-12. The Debtor opposed the motion. *See* Debtor's Response to the DOE's Motion to Dismiss [AP ECF No. 105] (the "Debtor's Opposition").

The Court granted the motion, and dismissed all claims asserted against the DOE in the adversary proceeding. *See* Dismissal Order.[5] In doing so, the Court found that DOE was entitled to relief under Rule 21 because it does not own any of the student loans at issue in this adversary proceeding and, as such, is not a proper party to the Debtor's claim for relief under section 523(a)(8) of the Bankruptcy Code. *See* Dismissal Decision at 12 ("DOE is not a creditor of the Debtor and does not own any of the student loans at issue in this adversary proceeding. It has no connection to the relief the Debtor is seeking under section 523(a)(8), and as such, is not a proper party to that claim for relief."). The Court dismissed the fraud claim for lack of subject

---

[3]   Fed. R. Civ. P. 21 states, in relevant part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Rule 21 is made applicable herein by Fed. R. Bankr. P. 7021.

[4]   Fed. R. Civ. P. 12(b)(1) is made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012.

[5]   The Dismissal Order states, in relevant part:

> 1. For the reasons set forth in the Court's March 26, 2018 Memorandum Decision Granting Department of Education's Motion to Dismiss, ECF No. 132, the Motion is GRANTED in its entirety;
>
> 2. Pursuant to Federal Rule of Civil Procedure 21, DOE is dismissed as a party to Plaintiff-Debtor's claim for relief under section 523(a)(8) of the Bankruptcy Code;
>
> 3. To the extent that the Plaintiff-Debtor is pursuing a fraud claim against DOE, the Court dismisses it and related claims pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction.

3

matter jurisdiction because that claim was neither a "core" claim arising under or arising in the Bankruptcy Code, nor a claim within the Court's "related-to" jurisdiction because the resolution of such claim would have no impact on the Debtor's chapter 7 bankruptcy estate. *Id.* at 15-17. The Court further found that the Debtor was barred from asserting fraud and other claims against the DOE because it has not waived its sovereign immunity. *See id.* at 17-19.

The Debtor contends that the Court erred in issuing the Dismissal Order. He argues that he is entitled to relief from that order because (i) the DOE owns the Consolidation Loans and, as such, is a proper party to the Debtor's claim for relief under § 523(a)(8); and (ii) the Court has subject matter jurisdiction over federal student loans. *See* Motion at 1-2.

## Discussion

The Debtor did not specify the predicate for the relief he is seeking in this Motion. Although the Debtor has styled the Motion as one to "vacate the Dismissal Order," the Court understands the Debtor to be seeking relief under Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 59(e).[6] Under that rule, a court may amend or alter a judgment where: (1) there is an intervening change of controlling law; (2) new evidence becomes available; or (3) there is a need to correct a clear error or prevent manifest injustice. *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790). Rule 60(b) of the Federal Rules of Civil Procedure allows a court to relieve a party "from a final judgment, order or proceeding[.]" Fed. R. Civ. P. 60(b).[7] "There is a considerable overlap between Rule 59(e) and Rule 60." 11 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 2817 (2d

---

[6] Rule 59 is made applicable herein by Fed. R. Bankr. P. 9023.

[7] Rule 60 is made applicable herein by Fed. R. Bankr. P. 9024.

4

ed. 1995). Under Rule 60(b), the reasons a court may grant a party relief include: "(1) mistake, inadvertence, surprise, or excusable neglect;" "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);" or "(6) any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b).[8] In that way, "application of either Rule 59 or 60 is a search for errors in the underlying decision[.]" *Chavez v. Buhler*, S.Ct. Civ. No. 2007-060, 2009 WL 1810914, at *6 (V.I. June 25, 2009).

However, the relief available under those provisions is limited. "A motion for relief from judgment [under Rule 60(b)] is generally not favored and is properly granted only upon a showing of exceptional circumstances." *In re AMR Corp.*, No. 11-15463 (SHL), 2016 WL 675543 at *2 (Bankr. S.D.N.Y. Feb. 18, 2016) (quoting *United States v. Int'l Bhd. Of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)). "The burden of proof is on the party seeking relief from judgment." *Id*. A Rule 59(e) motion is not an opportunity for parties to reargue issues that have already been decided (*see WTC Captive Ins. Co. v. Liberty Mut. Fire Ins. Co.*, 537 F. Supp. 2d 619, 624 (S.D.N.Y. 2008) (citation omitted)) or raise new issues that were not previously presented to the court (*see In re Duffy*, 452 B.R. 13, 19 (Bankr. N.D.N.Y. 2011) (citations omitted)) and should be "granted sparingly and in limited circumstances." *Ackerman v. Alesius (In re Alesius)*, No. 06-71218-478, 2011 WL 1791558, at *2 (Bankr. E.D.N.Y. May 10, 2011). *See also Perez v. Terrestar Corp. (In re Terrestar Corp.)*, No. 11-10612 (SHL), 2016 WL 197621, at *3 (Bankr. S.D.N.Y. Jan. 15, 2016) ("The standard for granting a motion to alter or amend a judgment under Federal Rule 59(e) is 'strict, and reconsideration will generally be

---

[8] The other grounds for relief under Rule 60(b) are: "(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or misconduct by an opposing party; (4) the judgment is void; [and] (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable[.]" *See* Fed. R. Civ. P. 60(b). None are relevant to the Motion.

denied unless the moving party can point to controlling decisions or data that the court overlooked.'") (citations omitted). "The burden is on the movant to demonstrate that the Court overlooked controlling decisions that were before it on the original motion, and that might 'materially have influenced its earlier decision.'" *Cornelia Fifth Ave., LLC v. Canizales*, No. 1:12-CV-07660, 2017 WL 1034644, at *2 (S.D.N.Y. Mar. 16, 2017) (citation omitted). Thus, neither Rule 60(b) nor Rule 59(e) provides grounds for a party to reargue legal or factual issues already considered by the court.

However, that is what the Debtor is asking the Court to do in the Motion. The Debtor challenges the Court's finding in the Dismissal Decision that the DOE does not own the student loans at issue herein. He argues that "the Department of Education is trying to pass off having ECMC maintain service related matters for a fee and custodial servicing for a fee … as ECMC 'owning' the loans." Motion at 1. However, the Debtor made the same argument in opposing the Motion to Dismiss. *See* Debtor's Opposition at 3. In rejecting it, the Court explained that "[t]he regulations implementing FFELP are clear that FFELP loans are neither issued nor held by DOE[,]" and that the undisputed testimony in the Declaration of Lola Hom, filed by the DOE in support of the Motion to Dismiss was that ECMC, not DOE, holds the Consolidation Loans. *See* Dismissal Decision at 10-11. The Court also addressed and rejected the Debtor's assertion that ECMC is merely a debt collector or servicer of the Consolidation Loans. The Court found that ECMC is the "federal student loan guaranty agency that holds title to the Consolidation Loans," and that "applicable regulations mandate that ECMC, as the guarantor, defend against the [Debtor's adversary proceeding seeking the discharge of a FFELP loan]." *Id.* at 12-13.

Next, the Debtor asserts that "[t]he Department of Education has admitted it does have interest in the loans[,]" and that "the DOE does in fact own the loans in question." Motion at 1.

6

However, the record contains no evidence to support those contentions. Indeed, the declaration of Lola Hom is to the contrary. As noted, she says that ECMC, not DOE, owns the loans. Moreover, the Debtor made the same argument in objecting to the Motion to Dismiss. In rejecting it, the Court explained:

> That DOE may be indirectly benefitted if the Debtor begins making payments on account of the loan simply does not vest DOE with an interest in the loan that it does not have. Moreover, DOE's reimbursement obligations are not triggered, if at all, until after the completion of this adversary proceeding. Further, those reimbursement obligations are between ECMC and DOE, not DOE and the Debtor.

Dismissal Decision at 13.

The Debtor also argues that the "Department of Education admitted to being involved in a similar federal bankruptcy court case in [*Murphy v. Education Credit Management Corp.*,]" (Motion at 1), thereby implying that by doing so, the DOE has waived its sovereign immunity in this action. The Debtor made the same argument in objecting to the DOE's Motion to Dismiss. *See*, *e.g.*, Debtor's Opposition at 2 ("Considering that Mr. Murphy was exactly the same kind of student loan borrower I was and his case met the conditions for waiver of sovereign immunity means that I meet the conditions as well."). As explained in the Dismissal Decision, in filing an amicus curiae brief in *Murphy*, the DOE did not waive its sovereign immunity in that case or in this action because the filing of an *amicus* brief in an action does not constitute a waiver of sovereign immunity. *See* Dismissal Decision at 19.

Finally, the Debtor contends that "the federal bankruptcy court of the Southern District of New York has already stated in this case and for all other bankruptcy student loan cases that it does have jurisdiction over these matters." Motion at 1-2. He further maintains that "Judge Garrity also previously ruled in this case that all matters of dischargeability of this debt are 'intact' and part of his jurisdiction." *Id.* However, the Court did not hold that it lacked subject

7

matter jurisdiction over "bankruptcy student loan cases." To the contrary, the Court specifically found that "[t]here is no question that the resolution of the Debtor's claim that his student loan indebtedness is dischargeable under section 523(a)(8) is within the 'core' jurisdiction of this Court." Dismissal Decision at 10. Rather, the Court concluded that it lacked subject matter jurisdiction over the Debtor's fraud tort claim, to the extent the Debtor has asserted such a claim.[9] As discussed in the Dismissal Decision, any such claim for tort fraud is not within the "core" matters as arising under or arising in the Bankruptcy Code, and does fall within the Court's "related-to" jurisdiction because the damages sought "for personal costs" have no effect on the Debtor's bankruptcy estate. *See* Dismissal Decision at 16-17. This conclusion is entirely consistent with the Court's previous rulings and lends no support to the Debtor's argument for vacating the Dismissal Decision. *See, e.g.*, Order Granting Navient Solutions, Inc.'s Motion to Dismiss "Sallie Mae, Inc." as a Defendant in this Adversary Proceeding pursuant to Fed. R. Civ. P. 21 and Fed. R. Bankr. 7021 and to Dismiss All Claims for Relief in Plaintiff's Third Amended Complaint Not Based on 11 U.S.C. § 523(a)(8) Pursuant to Fed. R. Civ. P. 12(b)(1) & (6) and Fed. R. Bankr. P. 7012(b) [AP ECF No. 45] (dismissing common law claims against Sallie Mae for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)); Hr'g Tr. 8/25/16 at 19:8-19:10 ("the Court is satisfied that it lacks the constitutional authority to decide the plaintiff's common law claims") [AP ECF No. 66].

In sum, the Debtor's arguments in support of the Motion are essentially a re-hash of issues that the Court considered in dismissing all claims asserted against the DOE by the Debtor

---

[9] In the Dismissal Decision, the Court noted that the Debtor's statements in his Opposition appeared to contradict his claims for fraud, breach of contract and unjust enrichment. *See* Dismissal Decision at 14 ("Thus, the Court understands that the Debtor is not seeking damages against DOE in the Third Complaint.").

in the Third Complaint. The Debtor has not met the strict standards for granting relief under either Rule 59(e) or Rule 60(b).

## Conclusion

Based on the foregoing, the Motion is DENIED.

IT IS SO ORDERED.

Dated: New York, New York
November 20, 2018

/s/ *James L. Garrity, Jr.*
United States Bankruptcy Judge

9