NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
                                                      :

In re:                                      :                      Chapter 7

Michael Grabis,                    :                      Case No. 13-10669-JLG

                        Debtor.    :

-------------------------------------------------------x

Michael Grabis,                    :

                                         :                      Adv. Pro. No. 15-01420-JLG

                     Plaintiff,   :

v.                                            :

Navient Solutions, LLC, *et al.*,    :

                     Defendants.  :

-------------------------------------------------------x

**APPEARANCES:**

MICHAEL GRABIS
1 Hays Drive
Morristown, NJ 07960

*Plaintiff-Debtor, pro se*

PAUL J. HOOTEN
Paul J. Hooten & Associates
5505 Nesconset Highway, Suite 203
Mt. Sinai, NY 11706

*Attorney for Defendant-Navient Solutions, LLC*

KENNETH L. BAUM
167 Main Street
Hackensack, NJ 07601

*Attorney for Defendant-ECMC Inc.*

## MEMORANDUM DECISION AND ORDER RESOLVING DEBTOR'S MOTION TO AMEND CAPTION

Michael Grabis is the chapter 7 debtor in this no-asset chapter 7 case (the "Debtor"). In July 2013, he reopened this case to bring an adversary proceeding to discharge his student loan debt. In December 2015, he commenced this action for that purpose by filing a complaint (which he has amended several times). The matter before the Court is the Debtor's motion pursuant to section 107(b)(2) of the Bankruptcy Code, 11 U.S.C. § 107(b)(2), to change the caption of this adversary proceeding by substituting the Debtor's initials, "M.G.", for his name in the caption of the case and the case docket sheet. *See* AP ECF No. 107 (the "Motion").[1] For the reasons stated herein, the Motion is denied.

### Jurisdiction

This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334(a) and 157(a) and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

### Facts

On March 5, 2013, the Debtor, through counsel, filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in this Court. *See* ECF No. 1. On April 8, 2013, the chapter 7 trustee of the Debtor's estate issued his "Report of No Distribution" in this chapter 7 case. *See* ECF No. 6. On June 11, 2013, the Court entered an "Order of Discharge and Order of Final Decree," and closed the case. ECF No. 8. On July 31, 2013, the Debtor, acting *pro se*, filed a motion to reopen his case to file an adversary proceeding to discharge his student loan debt. *See*

---

[1] "AP ECF No." refers to a document filed of record in this adversary proceeding (15-01420 (JLG)). "ECF No." refers to a document filed of record in the Debtor's chapter 7 case (13-10669 (JLG)).

1

ECF No. 10. The Court granted the motion. *See* ECF No. 12. On December 15, 2015, the Debtor commenced this adversary proceeding by filing a complaint for the discharge of his student loan debt. *See* AP ECF No. 1. In that complaint, the Debtor did not cite to any statute or legal authority in support of his claim for relief. However, in the Adversary Proceeding Cover Sheet accompanying the complaint, the Debtor (i) described his "Cause of Action" as "an adversary [proceeding] for the discharge of my student loans per my rights for a fresh start under the U.S. Bankruptcy Code for Chapter 7[,] [§] 523(a)(8);" and (ii) specified that the "Nature of Suit" is an action seeking relief under sections 523(a)(2), (4) and (8) of the Bankruptcy Code.[2] As discussed below, the Debtor erroneously included the references to sections 523(a)(2) and (a)(4). With leave of the Court, on May 5, 2016, the Debtor filed an amended complaint in which, without limitation, he alleged in support of his request that his student loan debt be discharged, that he was seeking relief against the defendants under sections 523(a)(2), 523(a)(4) and 523(a)(8) of the Bankruptcy Code. *See* AP ECF No. 23.[3] On May 31, 2016, again with leave of the Court, the Debtor amended his complaint to delete any references to sections 523(a)(2) and 523(a)(4). *See* AP ECF No. 34. On September 25, 2017, with leave of the Court,

---

[2]  As relevant, the Adversary Proceeding Cover Sheet includes boxes associated with claims for relief under miscellaneous provisions of the Bankruptcy Code. The Debtor checked the boxes associated with the following claims:

> 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
>
> 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
>
> 63-Dischargeability - §523(a)(8), student loan

[3]  The complaint amended and superseded an amended complaint filed by the Debtor on April 15, 2016. *See* AP ECF No. 18. That complaint sought relief only under section 523(a)(8) of the Bankruptcy Code. *Id.*

2

the Debtor filed his "Third Adversary Complaint for Discharge of Student Loans" (the "Third Complaint"). *See* AP ECF No. 84. That is the operative complaint in this action.

Under section 727(b) of the Bankruptcy Code, a debtor is discharged from all debts that arose prior to the order for relief, "except as provided in § 523." 11 U.S.C. § 727(b). In turn, section 523 states that the discharge under section 727 "does not discharge an individual debtor from any debt [described in §§ 523(a)(1) – (19)]." 11 U.S.C. § 523(a). Section 523(a)(8) governs the discharge of student loan debt. It provides, in substance, that student loans that are within the scope of that section are not discharged in bankruptcy, unless the debtor can demonstrate that not excepting such debt from discharge would impose an undue hardship on the debtor or the debtor's dependents. *See* 11 U.S.C. § 523(a)(8). "Section 523(a)(8) is 'self-executing.'" *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 450, 124 S. Ct. 1905, 1912, 158 L. Ed. 2d 764 (2004) (citations omitted). "Unless the debtor affirmatively secures a hardship determination, the discharge order will not include a student loan debt." *Id.* (citations omitted). Thus, an individual debtor seeking to discharge his student loan debt must initiate an action to obtain relief under section 523(a)(8), as the Debtor has done here. Sections 523(a)(2) and (a)(4) of the Bankruptcy Code have no bearing on the discharge of student loan debt. Those provisions address the dischargeability of certain so-called "intentional tort debts." They include (i) debts for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained, without limitation, by false pretenses, a false representation, or actual fraud (§523(a)(2)); and (ii) debts for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny (§523(a)(4)). If properly scheduled, claims under sections 523(a)(2) and (4) are automatically discharged in an individual debtor's case, unless the creditor timely files a complaint challenging the discharge of those claims. *See* 11 U.S.C. § 523(c)(1) ; Fed. R.

3

Bankr. P. 4007(c); s*ee generally Massa v. Addona (In re Massa)*, 187 F.3d 292, 295-96 (2d Cir. 1999) ("A debt that is scheduled pursuant to §521(l) and Federal Rules of Bankruptcy Procedure 1007(a) and (b)(1) is discharged unless the debt is excepted from discharge under one of the exceptions set forth in § 523(a)."). Thus, there is a negative connotation associated with litigation under sections 523(a)(2) and (a)(4) because complaints under those sections are brought against debtors by creditors that are the victims of the debtors' fraud, embezzlement or similar intentional torts. The Debtor plainly erroneously included references to sections 523(a)(2) and (a)(4) in his Adversary Proceeding Cover Sheet.

The Third Complaint makes it clear that the Debtor is seeking relief only under section 523(a)(8) of the Bankruptcy Code. *See* Third Complaint [AP ECF No. 84].[4] The Debtor has amended the Adversary Proceeding Cover Sheet to delete any reference to sections 523(a)(2) or (a)(4). *See* Amended Adversary Proceeding Cover Sheet [AP ECF No. 116]. The amended cover sheet reflects that the "Nature of Suit" is an action to discharge the Debtor's student loan debt under section 523(a)(8) of the Bankruptcy Code. The Court's docket sheet for this adversary proceeding – which is available through the PACER system – likewise reflects that the "Nature[s] of Suit" is "63 Dischargeability – 523(a)(8), student loan[.]" It makes no mention of sections 523(a)(2) and (a)(4).

The Debtor's problem is that the information on the internet (as opposed to the Court's docket) about his lawsuit has not been updated to reflect that sections 523(a)(2) and (a)(4) are not

---

[4] In support of the Third Complaint, the Debtor alleges, in substance, that while pursuing his undergraduate degree in business at Lafayette College, he borrowed close to $100,000 in both federal and private student loans, that such debt had grown to more than $180,000, and that repayment of that debt presents an undue hardship to him in his effort to obtain a "fresh start" through his bankruptcy case. *See* Third Complaint at 1. He explains that he filed his adversary proceeding "as an addition to my core bankruptcy proceeding to discharge my student loans under [Bankruptcy] Rule 4007(b), l1 U.S.C [§] 523(a)(8), as per my rights to a 'fresh start' under the U.S. Bankruptcy Code." *Id*.

at issue in the Debtor's complaint.  The Debtor asserts that when a party conducts a basic internet search using the name "Michael Grabis," the first "result" is a report of this adversary proceeding ("*Grabis v. Sallie Mae Servicing, et al.*").  It is not this Court's official docket report.  Rather, it is the product of a docket reporting service that monitors the federal district and bankruptcy court PACER dockets.  The Debtor says that notwithstanding that the Third Complaint, the Amended Adversary Cover Sheet and the Court's docket now correctly reflect that the Debtor is seeking relief only under section 523(a)(8) of the Bankruptcy Code, and do not mention sections 523(a)(2) or (a)(4), the report opens to a page that states, in part, that the "Nature of Suit" is:

> 67 Bankruptcy - Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
> 62 Bankruptcy - Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
> 63 Bankruptcy - Dischargeability - §523(a)(8), student loan

As such, it reflects the information that the Debtor mistakenly included in the Adversary Proceeding Cover Sheet, not the information contained in the Third Complaint and the Amended Adversary Proceeding Cover Sheet.

The Debtor maintains that he is being irreparably damaged by this internet report because prospective employers and others who see this information incorrectly conclude that there is a "nefarious" aspect to this adversary proceeding.  He explains that:

> I continue to seek employment and this adversary proceeding appearance on the internet has continued to destroy personal relationships I counted on for my search.  Some of these relationships are over 30 years old and were invaluable and irreplaceable.  People I have known personally for the majority of my life will now not speak to me over what the [sic] see next to my name on the internet.  Prospective employers for menial work have mentioned this lawsuit as a disqualification for employment.  Many of these people clearly believe there is a nefarious aspect to this case.

Motion at 2. In the Motion, as supplemented by his comments on the record, the Debtor seeks an order of this Court substituting his initials – "M.G." – for his name in the caption of this

5

adversary proceeding and the adversary proceeding docket sheet. He is clear that the relief he is seeking is limited to the adversary proceeding, and that he is not seeking similar relief with respect to the docket of his Chapter 7 case. He maintains that the relief he is seeking "would simply allow [me] to maintain my first impression when meeting prospective employers and maintain in their mind[s] the lack of possibility of a client misconstruing my name in association with the reputation of their business." Motion at 1. He says that his "request is fair and removes nothing from the document and maintains all information for public knowledge." *Id.* at 2.

Discussion

Section 107(a) of the Bankruptcy Code provides that "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a). Section 107(b)(2) provides an exception to that general rule. It states, in relevant part, that "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may – protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title." 11 U.S.C. § 107(b)(2).[5] Thus, this provision focuses on the information contained in documents filed of record in a bankruptcy case. *In re Apex Oil Co.*, 101 B.R 92, 98 (Bankr. E.D. Mo. 1989)("The plain language of § 107 establishes standards only for those documents which are filed with the bankruptcy court.").[6] For these purposes, the term

---

[5] Section 107(b)(1) "protect[s] an entity with respect to a trade secret or confidential research, development, or commercial information[.]" 11 U.S.C. § 107(b)(1). It has no application to the Motion.

[6] Bankruptcy Rule 9018 implements the protection provided by § 107(b), as follows:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is

6

"defamatory" encompasses statements in bankruptcy court pleadings that are untrue, or potentially untrue. *See, e.g.*, *In re Food Mgmt. Grp., LLC*, 359 B.R. 560-61 (Bankr. S.D.N.Y. 2007) (finding that protection extends only to untrue statements); *In re Gitto Glob. Corp.*, 422 F.3d 1, 16 (1st Cir. 2005) (concluding that the "defamatory" standard includes material that is potentially untrue). In construing section 107(b)(2), courts apply the term "scandalous" to "any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." *In re Anthracite Capital, Inc.*, 492 B.R. 162, 175 (Bankr. S.D.N.Y. 2013); *see also Food Mgmt. Grp.*, 359 B.R. 543 at n.16 (noting that "'[s]candalous' matter generally means 'any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.'" (quoting 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.37[3] (3d ed. 2006)). For the Debtor to demonstrate a right to relief under section 107(b)(2), he must first establish that a document or documents of record, or to be filed of record, contain "scandalous or defamatory" matters. If he makes that showing, the Court shall "*protect*" him, although the statute is silent as to the nature of that protection. *See, e.g., Gitto Glob. Corp.*, 422 F.3d 1 at 9 ("It is true that § 107(b)(2) speaks of protection in general terms rather than of wholesale sealing, and that courts must therefore exercise some discretion in determining what form of protection to grant.").

As support, the Debtor cites *In re L.K.,* No. 1-05-13887, 2009 WL 1955455 (Bankr. E.D.N.Y. July 6, 2009). In that case, a chapter 7 debtor sued her lender and obtained a judgment

---

entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

Fed. R. Bankr. P. 9018.

discharging her student loan debt pursuant to section 523(a)(8) of the Bankruptcy Code. The bankruptcy court's Decision and Order granting that relief contained personal information including the debtor's address, salary and employment history, as well as "extremely personal" medical information. *Id*. at *2. The latter included "diagnoses of severe depression and psychiatric treatment." *Id.* The debtor believed that publication of that information would make it very difficult for her to obtain employment. *Id.* Accordingly, she moved the bankruptcy court to reopen her case to seal her records and amend the title of the decision in the adversary proceeding to substitute her initials "L.K.", for her name. *Id.* at *1. The bankruptcy court found that the debtor's personal information, including the medical information, "does not rise to the level of 'scandalous or defamatory' under 11 U.S.C. § 107(b)(2) to warrant the sealing of all court records in the Chapter 7 case and Adversary Proceeding." *Id.* at * 2. Still, the court "recognize[d] that a stigma is attached to mental illness and the publication of the debtor's full name w[would] likely be a detriment to the debtor's attempts at future employment." *Id.* For that reason, the court found that the "most appropriate remedy under the circumstances[,]" was for all references to the full name of the debtor to be replaced with the initials, "L.K.," in the Decision and Order resolving the motion to reopen, the Adversary Proceeding, and the Decision and Order in the Adversary Proceeding – including the captions of those documents.[7]

       This case is distinguishable from *In re L.K*. There, the information at issue was confined to the bankruptcy court's Decision and Order. It had not been widely circulated and the bankruptcy court determined that limiting the publication of the Decision and Order through the substitution of the debtor's initials, "L.K.," for her full name, in the caption of the Adversary

---

[7]   Specifically, the court "order[ed] that the caption of this Decision and Order, the caption of the Adversary Proceeding and the Decision and Order in the Adversary Proceeding and all references to the full name of the debtor in each of those documents . . . be amended to 'L.K.'" 2009 WL 1955455 at *2.

8

Proceeding, protected the debtor from potential prejudice that might flow from the information contained in the Decision and Order. *L.K.* is inapposite when applied to the circumstances of the case at hand. The Debtor has amended the Adversary Proceeding Cover Sheet to provide that in his complaint, he is seeking relief only under section 523(a)(8) of the Bankruptcy Code. The court's docket sheet (available on PACER) reflects that information. It does not mention sections 523(a)(2) or (a)(4). Thus, in contrast to the debtor in *L.K.*, who sought to resolve an issue relating to the contents of the pleadings before the Court, the Debtor is attempting to resolve an internet reporting issue (which apparently was accurate when posted). In this regard, the Debtor seeks relief beyond the scope of section 107(b)(2). Moreover, notwithstanding the internet report, the Debtor can demonstrate to third parties that sections 523(a)(2) and (4) have no application in this adversary proceeding, and that there is no "nefarious" aspect to this litigation.

## **Conclusion**

Based on the foregoing, the Motion is DENIED.

IT IS SO ORDERED.

Dated: New York, New York
November 20, 2018

/s/ *James L. Garrity, Jr.*
United States Bankruptcy Judge